IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANGEL E. SEGURA o/b/o,　　　　　　　　　　　　　　　　　CV 04-834-MA
B.A.Y., a minor,
　　　　　　　　　　　　　　　　　　　　　　　　　　　　OPINION AND ORDER
　　　　　　Plaintiff,

　　v.

JO ANNE B. BARNHART, Commissioner
of Social Security,


Defendant.
_____

　　　　RORY LINERUD
　　　　PO Box 1105
　　　　Salem, OR　97308
　　　　Portland, OR　97223

　　　　　　Attorney for Plaintiff

　　　　KARIN J. IMMERGUT
　　　　United States Attorney
　　　　CRAIG J. CASEY
　　　　Assistance United States Attorney
　　　　1000 S.W. Third Avenue, Suite 600
　　　　Portland, OR　97204-2902

1 - OPINION AND ORDER

LEISA A. WOLF
        Special Assistant United States Attorney
        Social Security Administration
        701 5th Avenue, Suite 2900 M/S 901
        Seattle, WA  98104-7075

                Attorneys for Defendant

MARSH, Judge:

## **INTRODUCTION**

    Plaintiff, Angel Segura, brings this action on behalf of her minor child (plaintiff), seeking Supplemental Security Income benefits (SSI) under Title XVI of the Social Security Act (the Act).  42 U.S.C. § 1383(c)(3).  Plaintiff was born April 27, 1990.  Plaintiff alleges disability beginning June, 1998, due to depression; anger problems; inability to understand directions in school; disruptive behavior at school; inability to comprehend; attention deficit hyperactivity disorder; educational difficulties; destructive behavior; spontaneous crying; anxiety; and criminal involvement including vandalism and cruelty toward animals.

    Plaintiff challenges the ALJ's findings at steps two and three of the sequential evaluation discussed below.  Plaintiff argues the ALJ erred by (1) failing to find two of his diagnosed conditions to be severe; and (2) failing to conclude that his conditions meet, equal, or functionally equal a listed impairment.  For the following reasons, the Commissioner's decision is affirmed and this case is dismissed.

**STANDARD OF REVIEW**

The initial burden of proof rests on the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. Andrews, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the

3 - OPINION AND ORDER

Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISABILITY ANALYSIS

An individual under the age of 18 is eligible for Childhood SSI payments based on disability if he or she suffers from "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(c)(3). The Commissioner uses a three-step sequential evaluation process to determine whether a claimant is eligible for Childhood SSI. 20 C.F.R. § 416.924.

Step one requires the Commissioner to determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If so, there can be no finding of disability. If not, the analysis proceeds to Step two.

Here, at step one, the ALJ found that plaintiff had never engaged in substantial gainful activity.

Step two requires the Commissioner to decide whether the claimant has a severe impairment. An impairment is severe if it is more than a "slight abnormality or a combination of slight abnormalities" and causes more than "minimal functional limitations." 20 C.F.R. § 416.924(c). If the child has no

severe impairment, there can be no finding of disability. If there is a finding of severe impairment, the analysis proceeds to Step three.

Here, at step two, the ALJ found plaintiff suffers from the following impairments, considered "severe" within the meaning of the Act: adjustment disorder with disturbance conduct, rule out oppositional defiant disorder and seizure disorder.

Step three requires the Commissioner to determine whether the impairment "meets or medically equals in severity the set of criteria for an impairment in the listings, or if it functionally equals the listings." 20 C.F.R. § 416.924(d); see also Merrill ex rel. Merrill v. Apfel, 224 F.3d 1083, 1085 (9th Cir. 2000).

A child's functional limitations will be evaluated in the following six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). A medically determinable impairment or combination of impairments will functionally equal a listed impairment if it results in "marked" limitations in two of these domains, or if it results in an "extreme" limitation in one of these domains. 20 C.F.R. § 416.926a(e)(2). A "marked" limitation is a limitation that seriously interferes with the ability to independently initiate, sustain, or complete

activities. Id. An "extreme" limitation is a limitation that seriously interferes with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(I). If this equivalency test is met and the statutory duration requirement is satisfied, the child will be found disabled. 20 C.F.R. § 416.924(d)(1).

Here, at step three, the ALJ determined that plaintiff's impairments did not meet, equal, or functionally equal a listed impairment. The ALJ concluded that none of plaintiff's impairments caused an "extreme" or "marked" limitation in any of the domains. The ALJ found plaintiff had only "less than marked" limitations in four domains, as discussed below. Since the equivalency test was not met, the ALJ found plaintiff to be "not disabled."

## DISCUSSION

Plaintiff contends the ALJ "failed to address" his alleged diagnoses of (1) chronic depressive disorder, and (2) attention deficit hyperactivity disorder. According to plaintiff, these impairments are "severe" within the meaning of the Act, and when considered in combination with his other impairments, meet, equal, or functionally equal a listed impairment.

However, plaintiff does not specifically challenge the ALJ's finding at step three, that these impairments did not cause "extreme" or "marked" limitations in any of the domain functions.

6 - OPINION AND ORDER

Instead, plaintiff contends the ALJ should have ordered testing to assess plaintiff's abilities because none of the medical evidence "provided a reasoned assessment of [p]laintiff's level of disability."

As the Commissioner points out, plaintiff's contention that the Commissioner failed to disprove that plaintiff is not disabled rests on a flawed interpretation of the burden of proof in Social Security cases. Plaintiff, not the Commissioner, shoulders the burden of proving that he is disabled. 20 C.F.R. 416.912(a). If, and only if, plaintiff presents evidence that is inconsistent or ambiguous, and the ALJ cannot resolve this inconsistency or ambiguity by reference to other evidence in the record, the ALJ's "duty to develop the record" is triggered. Id. However, if the ALJ can resolve these inconsistencies or ambiguities without recontacting record sources for clarification, the ALJ will evaluate the evidence presented by the plaintiff, and determine whether plaintiff has met his burden of proving that he is disabled within the meaning of the Act. See 42 U.S.C. § 1382(c)(3).

In addition to arguing that the ALJ had a duty to order standardized testing, plaintiff contends the ALJ should have called a medical expert (ME) to testify at the hearing. Notably, plaintiff did not request the presence of a medical expert below. The regulations require the ALJ to make "reasonable efforts" to

ensure that a qualified individual "evaluates the [claimant's] case."  42 U.S.C. § 1382c(a)(3)(I); see also Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006 (9th Cir. 2003).  Two qualified individuals reviewed plaintiff's medical record.  Paul Stoltzfus, Psy.D., reviewed the entire record and performed a consultative examination of plaintiff on February 7, 2002.  Further, a state agency psychologist, Paul Rethinger, Ph.D., reviewed plaintiff's medical record on July 17, 2002.  Both Mr. Stoltzfus and Dr. Rethinger concluded that the record does not establish that plaintiff has marked or extreme limitations in any of the functional domains.

Mr. Stolzfus noted that plaintiff lived in an unstable, hectic home environment that was likely contributing to his behavioral problems and educational difficulties.  Dr. Stolzfus found that while plaintiff's mother claimed plaintiff suffered from attention deficit disorder, plaintiff had never been diagnosed, and did not display symptoms of this disorder during the evaluation.  He wrote, "[Plaintiff's] behavior seems more accurately characterized by anger and frustration demonstrated by ongoing conflict with authority figures and peers as well as frequent acting out at home and at school."  Significantly, Mr. Stolzfus also noted that plaintiff "openly disputed many of his mom's assertions."

Dr. Rethinger found no evidence of an extreme or marked limitation.  He noted that medical and other evidence indicated that plaintiff's mother's lack of parenting skills was a major problem contributing to plaintiff's behavioral issues at home and at school.  Dr. Rethinger noted that plaintiff has not undergone any serious medical treatment of record.

Plaintiff's teacher noted that plaintiff rarely completes his work at school or at home.  His teacher indicated that plaintiff has the ability to complete work, concentrate, and work independently, but cited plaintiff's "insubordination" and "apathy" as the primary impediments to plaintiff's academic success.

In sum, I have carefully reviewed the record evidence in this case, and find the ALJ's determination that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence, and is free of legal error.

## **CONCLUSION**

Based on the foregoing, the Commissioner's decision is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 12_ day of April, 2005.

        /s/   Malcolm F. Marsh
        Malcolm F. Marsh
        United States District Court Judge

9 - OPINION AND ORDER